08-6038-ag
Weng v. Holder

BIA
Mulligan, IJ
A078 144 144

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of November, two thousand nine.

PRESENT:
    JOSEPH M. McLAUGHLIN,
    GUIDO CALABRESI,
    BARRINGTON D. PARKER,
            *Circuit Judges*.

_____

RONG HUI WENG, ALSO KNOWN AS
RONG HUI WONG,
        *Petitioner*,

        v.                                        08-6038-ag
                                                  NAC
ERIC H. HOLDER, JR.,[1] UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONER:**          Dehai Zhang, Flushing, New York.

**FOR RESPONDENT:**          Tony West, Assistant Attorney General; Barry J. Pettinato, Assistant Director; Tim Ramnitz, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Rong Hui Weng, a native and citizen of China, seeks review of the November 17, 2008 order of the BIA affirming the September 25, 2007 decision of Immigration Judge ("IJ") Thomas J. Mulligan, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rong Hui Weng*, No. A078 144 144 (B.I.A. Nov. 17, 2008), *aff'g* No. A078 144 144 (Immig. Ct. N.Y. City Sept. 25, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both decisions – or more precisely, we

review the IJ's decision including the portions not explicitly discussed by the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). Questions of law and the application of law to undisputed fact are reviewed *de novo*. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Substantial evidence supports the agency's adverse credibility determination. First, we defer to the IJ's finding that Weng's demeanor supported an adverse credibility determination. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1. (2d Cir. 2005). The IJ also reasonably relied on discrepancies between Weng's testimony, his asylum application, and the record of his airport interview. In his airport interview, Weng stated that he was afraid to return to China because he "made a girl pregnant." However, Weng indicated in his asylum application and during his testimony that he feared arrest in China after a village official falsely accused him of selling pornography. When

3

confronted with this discrepancy, Weng testified that he made false statements during his airport interview because he was "very, very nervous" and feared the immigration officials.

When an IJ bases an adverse credibility determination on discrepancies arising from an applicant's statements in an airport interview, this Court examines the interview to ensure that it represents a "sufficiently accurate record" of the applicant's statements. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 179 (2d Cir. 2004). Here, it is clear that on remand the agency considered the factors discussed in *Ramsameachire* and reasonably determined that the airport interview was sufficiently reliable. The IJ noted that the record of the interview was detailed, providing verbatim questions and answers. And though he recognized that the record incorrectly stated that the interview was conducted in "Chinese," Weng testified that the interview was conducted in Mandarin and that he had no problem communicating or understanding the questions. Nor did Weng's claim that he was nervous and fearful preclude the agency from relying on the interview as a basis for its adverse credibility determination, as the IJ considered this

4

claim and gave the interview reduced weight because of it. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 396, 397 n.6, 399 n.8 (2d Cir. 2005).

The IJ also reasonably relied on other discrepancies in the record. The IJ observed that, while Weng testified that Chinese authorities accused him only of selling pornography, statements from his parents and friend indicated that he was accused of selling pornography and Falun Gong materials. Further, while Weng testified that his parents did not know how to write, their written statement appeared in the record. Though Weng has offered plausible explanations for at least some of these discrepancies, he has failed to show, as he must, that a reasonable fact finder would be compelled to credit his testimony. *See Majidi*, 430 F.3d at 80-81.

Ultimately, the agency's adverse credibility determination was supported by substantial evidence. Accordingly, the agency properly denied Weng's application for asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is

DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____